UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DISTRICT

JUDITH LEWIS,
    Plaintiff,

v.                            CASE NO.

GANDY FL OPCO, LLC,
    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

In this matter, Judith Lewis seeks financial relief in excess of $1,000,000 for various harms that she suffered as the result of the wrongdoings of the named Defendant. The Plaintiff was subjected to unlawful discrimination based upon her race, retaliation, and other immutable qualities.

## PARTIES

1. The Plaintiff in this matter is Judith Lewis.

2. The Defendant is Gandy FL OPCO LLC.

## JURISDICTION

3. The Court's jurisdiction is predicated upon Article III of the United States Constitution, and Section 1981 of the Civil Rights Act of 1866.

## VENUE

4. Venue is proper in the Middle District of Florida because all matters complained about herein occurred in Hillsborough County, Florida.

5. All conditions precedent required have been performed before commencing this lawsuit.

1

## FACTUAL ALLEGATION

6. At all times relevant to this lawsuit the Plaintiff was employed by the Defendant as a Dietary Manager.

7. Plaintiff self-identifies as a Black Female.

8. At the time the Plaintiff was hired she requested to be covered under the Defendant's medical insurance plan. The Plaintiff informed the Defendant that she needed to be covered by the medical plan due to the fact that she had a medical condition that required immediate medical care. She was told by the Human Resources Manager that she had to wait for 90 days before she would be eligible to be covered under the plan.

9. Ed Delman, a White co-worker of the Plaintiff, also was hired at or near the time that the Plaintiff was hired. He inquired about being covered by the Defendant's insurance plan as well because his wife was pregnant. Delman was told that he did not have to wait to be covered by the company's health plan. He was placed on the health plan before 90 days elapsed.

10. Later the Plaintiff applied for a Clinical position that she was qualified to perform. When the Plaintiff learned that the Defendant was interviewing for that position, she advised the Regional Manager that she was interested in the position. Withstanding her expressing an interest in the position she was denied an opportunity to interview for the position. Someone who is not of Dominican descent and who was younger than her was hired for the clinical position.

11. After being denied the opportunity to compete for and to be selected for the clinical position the Plaintiff was advised that she was being terminated ostensibly for disagreeing with some unnamed person.

2

12. After Defendant terminated Plaintiff, she was replaced by someone male who is not Black.

### COUNT I DISCRIMINATION BASED UPON RACE IN VIOLATION OF SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

13. The Plaintiff incorporates by reference as though fully stated herein the allegations contained within paragraphs 1-12.

14. The Plaintiff was discriminated against by the Defendant several different ways.

15. The Plaintiff was in a protected class, to wit, she is Black.

16. The Plaintiff was objectively qualified to perform the duties of a Dietary Manager. This is evident by the fact that she met the qualifications of the job as spelled out by the position description.

17. The Plaintiff suffered different adverse employment actions. First, she was denied coverage under the Defendant's insurance plan for a 90-day period. This had an immediate impact on her health because she had an existing medical condition that required medical treatment. The Defendant was aware of this because the Plaintiff discussed it with the Human Resources Manager.

18. The Plaintiff was also subjected to an adverse employment action when she was denied the clinical position that she applied for and was qualified to perform.

19. The Plaintiff was subjected to an ultimate employment action when she was terminated without legitimate cause. She was terminated, ostensibly, for being engaged in an altercation with an unspecified individual.

20. Others outside her protected class, non-Black, were treated more favorably than the Plaintiff in the manner specifically described in the incorporated facts.

21. The Defendant's actions were motivated in part, if not entirely, by the fact that the Plaintiff is Black.

## PRAYER FOR RELIEF

The Plaintiff is seeking compensation in the form of back wages, compensation for past and future enjoyment of life, emotional and psychological pain and suffering, reasonable attorney fees, cost and other forms of injunctive relief required to make the Plaintiff whole.

/s/ *Jerry Girley*
JERRY GIRLEY, ESQUIRE
Florida Bar No: 35771
THE GIRLEY LAW FIRM PA
117 East Marks Street Suite A
Orlando, Florida 32803
Tel: 407-540-9866
Fax: 407-540-9867
phyllis@thegirleylawfirm.com

4